Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered June 20, 2012, which granted defendants’ motion for summary judgment dismissing the causes of action alleging false arrest/imprisonment and malicious prosecution, unanimously affirmed, without costs.
Dismissal of the false arrest/imprisonment claim was proper where plaintiff was arrested for the shooting death of another pursuant to a facially valid arrest warrant, which is a complete defense to the cause of action (see Marrero v City of New York, 33 AD3d 556, 557 [1st Dept 2006]). Moreover, plaintiff was indicted by a grand jury, which creates a presumption that probable cause existed (see Colon v City of New York, 60 NY2d 78, 82-83 [1983]; Lawson v City of New York, 83 AD3d 609, 610 [1st Dept 2011], lv dismissed 19 NY3d 952 [2012]), and the fact that plaintiff was ultimately acquitted after trial does not negate the existence of probable cause (see Jenkins v City of New York, 2 AD3d 291, 292 [1st Dept 2003]). Plaintiffs argument that one of the witnesses was coerced to change her testimony is unsupported by the record and, thus, is inadequate to rebut the presumption of probable cause afforded by the indictment (see Colon, 60 NY2d at 83).
It is further noted that at plaintiffs second criminal trial, the trial court found that probable cause existed, and therefore, plaintiff is collaterally estopped from attempting to relitigate *599 that issue (see Martin v Rosenzweig, 70 AD3d 1112, 1113-1114 [3d Dept 2010]; Velaire v City of Schenectady, 235 AD2d 647, 648-649 [3d Dept 1997], lv denied 89 NY2d 816 [1997]).
The existence of probable cause is also fatal to plaintiffs claim for malicious prosecution (see Shapiro v County of Nassau, 202 AD2d 358 [1st Dept 1994], lv denied 83 NY2d 760 [1994]). The claim is also deficient in light of plaintiffs failure to show that the criminal proceeding against him was “brought out of actual malice” (Martinez v City of Schenectady, 97 NY2d 78, 84 [2001]; see Shapiro at 358).
We have considered plaintiffs remaining arguments, including that he is entitled to an award of punitive damages in light of defendants’ improper actions, and find them unavailing.
Concur—Gonzalez, P.J., Sweeny, Degrasse and ManzanetDaniels, JJ.